**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEMOYNE FRANCIS ROST and
KELLY ROST,

    Plaintiffs,

v.                                                                         Case No. 18-12351

DERMOT HEANEY, JIM PRIESTLY,
and HURON CLINTON METROPOLITAN
AUTHORITY POLICE DEPARTMENT,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFFS' STATE LAW CLAIMS, DISMISSING WITH PREJUDICE PLAINTIFFS' CLAIM FOR "RESPONDEAT SUPERIOR" LIABILITY, DISMISSING DEFENDANT HURON CLINTON METROPOLITAN AUTHORITY POLICE DEPARTMENT, AND GRANTING LIMITED LEAVE TO REPLEAD**

Plaintiff Leymoyne Francis Rost claims that Defendants Dermot Heaney and Jim Priestly, both Huron-Clinton Police Officers, unlawfully seized, searched, assaulted, battered, and falsely imprisoned him. Along with his wife—Plaintiff Kelly Rost—he brings the following claims against the individual Defendants and Defendant Huron Clinton Metropolitan Authority Police Department:

- Count I: a 42 U.S.C. § 1983 claim against the individual Defendants for violations of unspecified constitutional rights;

- Count II: a state law claim for assault against Defendant Heaney;

- Count III: a state law claim for battery against Defendant Heaney;

- Count IV: a claim for "false imprisonment" against Defendants Heaney and Priestly;

- Count V: a 42 U.S.C. § 1983 claim against Huron-Clinton Metropolitan Authority Police Department for policies or customs exhibiting deliberate indifference to the constitutional rights of "persons coming into contact" with Huron-Clinton police officers;

- Count VI: "Respondeat Superior of Huron-Clinton Metropolitan Authority Police Department"; and

- Count VII: a state law claim for loss of consortium.

Counts I and V allege federal claims over which the court has original federal question jurisdiction. *See* 28 U.S.C. § 1331. The remaining claims sound in state law, or are at least styled as such, as further explained below. For the following reasons, Counts II (Assault), III (Battery), IV ("False Imprisonment"), and VII (Loss of Consortium) will be dismissed without prejudice, and Plaintiffs will be given limited leave to replead Count IV. Count VI (Respondeat Superior) will be dismissed with prejudice, and Huron-Clinton Metropolitan Authority Police Department will be dismissed as a defendant. Plaintiffs will be given limited leave to replead Count V (Policies or Customs Exhibiting Deliberate Indifference) to name an appropriate defendant.

## I. BACKGROUND

Plaintiffs allege that Leymoyne Francis Rost was mowing the lawn in an area he has mowed for years in Brighton, Michigan when Defendant Heaney jumped out at him and told him that he had no business mowing there. Defendant Heaney asked for identification; when Leymoyne Francis was unable to provide it (and after he offered to go across the street and get it), Defendant Heaney threw him off the mower and slammed him into the ground, crushing his prescription glasses and twisting the key to the mower. Plaintiffs allege that Defendant Heaney then proceeded to beat Leymoyne Francis. When Plaintiff Kelly Rost ran to assist her husband, she was told to get back

2

into the house—as were several neighbors who tried to do the same. Defendant Heaney eventually handcuffed Leymoyne Francis and dragged him to the police car, with Leymoyne Francis falling several times. The mower was impounded.

At the police station, Plaintiff was treated for his alleged injuries; he says that Defendants Heaney and Priestly then took him to the Livingston County Jail, where he continued to be unlawfully detained.

## II. DISCUSSION

### A. Supplemental Jurisdiction

A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative fact with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). Supplemental jurisdiction, however, "is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over the state claims." *Id.* at 726. Supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

Under 28 U.S.C. § 1367(c), the court is empowered, in its discretion, to decline to exercise supplemental jurisdiction over state law claims where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original

          jurisdiction, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Section 1367(c)(2) and (c)(4) are implicated here, and the court has determined that Plaintiffs' state law claims—specifically, Counts II, III, IV, and VII—should be dismissed without prejudice. Because the court is uncertain whether Plaintiffs mean in Count IV to state a Fourth Amendment claim brought under 42 U.S.C. § 1983, the court will grant them leave to replead that claim, if they choose, to state a federal cause of action.

### *i. Dismissal Under 28 U.S.C. § 1367(c)(2)*

A district court may decline to exercise supplemental jurisdiction if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966).

The state law claims presented here would predominate over the federal matters over which the court has original jurisdiction. These claims—including assault, battery, false imprisonment, and loss of consortium[1]—would require presentation of evidence

---

[1] True, Plaintiffs could arguably maintain their loss of consortium claim with their federal claims, as the proofs involved for loss of consortium would not necessarily predominate over the proofs involved for the alleged constitutional violations. In Michigan, "a claim for loss of consortium is an independent cause of action." *Wesche v. Mecosta Cty. Road Comm'n*, 746 N.W.2d 847, 854 (Mich. 2008). The claim is "derivative of the underlying bodily injury." *Id.* But dismissal of the loss of consortium claim is still warranted under § 1367(c)(4), as described below, because individual governmental actors may raise governmental immunity as an affirmative defense to

4

inapplicable to the federal law claims, involve disparate legal theories on both the claims and defenses, and significantly expand (and, indeed, involve contradictory) jury instructions. The court will not, therefore, exercise supplemental jurisdiction over Plaintiffs' state law claims, and will dismiss them without prejudice.

### *ii. Dismissal Under 28 U.S.C. § 1367(c)(4)*

A district court may also decline to exercise supplemental jurisdiction under § 1367(c)(4) if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

For the purposes of § 1367(c)(4), compelling reasons "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Id.* at 1557. When considering whether the exercise of supplemental jurisdiction is appropriate, the court considers the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion). Even where, as here, the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions, potentially confuse the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing-party attorney fees. Any theoretical judicial economy and convenience to the parties, in other words, may be outweighed by the problems created in exercising

---

claims for loss of consortium. *Id.* at 857–58; *Schindewolf v. City of Brighton*, 107 F. Supp. 3d 804, 827–28 (E.D. Mich. 2015) (Edmunds, J.).

5

supplemental jurisdiction over state law claims.

For example, the standards of immunity differ for state and federal law. If applied jointly, jury confusion may arise. Under federal law, the doctrine of qualified immunity protects government officials from liability for civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Federal qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Under Michigan law, however, government actors may have an additional defense: governmental immunity. A government employee must raise governmental immunity as an affirmative defense and establish the following elements: "(1) the employee's challenged acts were undertaken during the course of the employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Odom v. Wayne Cty.*, 760 N.W.2d 217, 218 (Mich. 2008).

Applying these disparate standards of immunity could lead to jury confusion, inconvenience to parties, and other trial complications. A jury, in considering a single event, would be required to switch between two different immunity standards, requiring multiple analyses, and creating a risk that the jury will apply the wrong legal standard to the claim.

The damages available to Plaintiff for the federal claims and the state claims are also different. A plaintiff may recover punitive damages from an individual found liable for actions taken in his individual capacity under 42 U.S.C. § 1983. *City of Newport v.*

*Fact Concerts, Inc.*, 453 U.S. 247, 267, 271 (1981). For a tort claim under Michigan law, however, a plaintiff may not recover punitive damages, but may instead seek exemplary damages. *Kewin v. Mass Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980).

Given the distinction between available damages for the different claims, allowing both state and federal claims to be brought in a single action may result in jury confusion and an unfair verdict. Specifically, a jury would be instructed that they may "punish" for an egregious § 1983 violation, but they may not "punish" for violations of state law. This difference could lead a jury to award more for a proven § 1983 claim as a way of "compensating" for its inability to award punitive damages on the state law claims. On the other hand, a jury may reduce an award if it incorrectly concluded that, because Michigan law does not permit punitive damages, a plaintiff does not deserve punitive damages on his or her federal claims, either.

For similar reasons, the court has determined that this case is "exceptional" such that the compelling reasons stated herein warrant dismissal without prejudice of the state law claims. The phrase "exceptional circumstances" in 28 U.S.C. § 1367(c)(4) limits the otherwise broad discretion to deny supplemental jurisdiction that district courts once had under *Gibbs*. *See Exec. Software N. Am., Inc. v. U.S. Dist. Court for Ctr. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). But the same factors that motivate the court's "compelling reasons" determination can also inform the court's "exceptional circumstances" analysis. *Id.*

Exceptional circumstances are present in this case because of the likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and

potential unfairness. This is not a case where one relatively minor state law claim is brought along with federal causes of action that dominate the matter, nor is it a case where the federal and state causes of action parallel in terms of both elements and expected proofs. Though the parties will be required to duplicate some effort if Plaintiffs decide to pursue their claims in state court, any advantage that may have been gained by trying all the claims together here are outweighed by the potential for confusion about the issues, legal theories, defenses, and possible relief.

### *iii. Leave to Replead Count IV*

For the reasons outlined above, the court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. But the court is uncertain whether Count IV—styled as a claim for "false imprisonment"—is meant to state a claim for unreasonable seizure in violation of the Fourth Amendment, or if the count is meant to state a claim for the state law tort of false imprisonment. If the former, it may properly be brought under 42 U.S.C. § 1983. The court expresses no opinion as to whether the facts as currently alleged would support the claim such that it would survive a motion to dismiss under Rule 12(b)(6), but means to suggest only that a claim under § 1983 would not be dismissed under § 1367(c). The court will therefore grant Plaintiffs leave to replead this count, if they so choose, to state a Fourth Amendment claim brought under § 1983.

### B. "Respondeat Superior"

In Count VI, Plaintiffs purport to bring a claim for "respondeat superior" against Huron-Clinton Metropolitan Authority Police Department. The claim will be dismissed with prejudice. "[A] municipality cannot be held liable under § 1983 on a respondeat

superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiffs *may* state a § 1983 "*Monell*" claim against a municipality by showing "(1) that they suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hadrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017). Indeed, this seems to be the claim Plaintiffs bring in Count V. But their independent claim for "respondeat superior" has no basis in law, and must be dismissed.

### C. Defendant "Huron-Clinton Metropolitan Authority Police Department"

Setting aside the issue of respondeat superior, however, there is a more fundamental problem with Plaintiffs' claims against Huron-Clinton Metropolitan Authority Police Department: the Police Department is not a party subject to suit.[2] *See Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 772 n.4 (6th Cir. 2017) ("[T]he police department is not a standalone entity, but rather an agent of the city and is therefore not a proper separate defendant for § 1983 purposes."). For municipal liability purposes, police departments in Michigan are subsumed within the cities in which they operate; a plaintiff may be able to state a claim for municipal liability against the city, but the police department is not a separate entity subject to suit. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). The Huron-Clinton Metropolitan Authority Police Department, therefore, must be dismissed as a Defendant. But Plaintiffs will be granted leave to replead its remaining municipal liability claim—Count V—against a proper defendant.

### III. CONCLUSION

Because Plaintiffs' state law claims substantially predominate over their federal

---

[2] The court's docket lists the name of the Defendant as "Huron Clinton Metropolitan Authority." But the complaint controls here, and the complaint purports to bring claims against the Huron Clinton Metropolitan Authority Police Department.

claims, and because this is an exceptional case in which compelling reasons countenance declining supplemental jurisdiction, Plaintiffs' state law claims will be dismissed without prejudice. There being no claim for § 1983 respondeat superior liability, that count will be dismissed with prejudice; the Huron-Clinton Metropolitan Authority Police Department will also be dismissed because the police department is not a proper party. Plaintiffs are given leave to replead Counts IV and V, however, to state claims having a basis in federal law. Accordingly,

IT IS ORDERED that Plaintiff's state law claims in Count II (Assault), Count III (Battery), Count IV (False Imprisonment), and Count VII (Loss of Consortium) are DISMISSED WITHOUT PREJUDICE to Plaintiffs' ability to bring those claims in state court. Plaintiffs are given leave to replead Count IV, if they choose, to state a claim for violation of the Fourth Amendment brought under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that Count VI (Respondeat Superior) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Huron Clinton Metropolitan Authority Police Department is DISMISSED. Plaintiffs may replead Count V (Policies or Customs Exhibiting Deliberate Indifference) to name a proper defendant.

          s/Robert H. Cleland     /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 8, 2018, by electronic and/or ordinary mail.

          s/Lisa Wagner     /
          Case Manager and Deputy Clerk
          (810) 292-6525

Z:\Cleland\KNP\Civil\18-12351.ROST.Dismiss.State.Claim.Without.Prejudice.Respondeat.Superior.KNP.docx